**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**PATRICK VERRET et al.**                                    **CIVIL ACTION**

**VERSUS**                                                            **CASE NO. 23-2292**

**SAFECO INSURANCE CO. OF AMERICA et al.**          **SECTION: "G"(1)**

## ORDER AND REASONS

Before the Court is Defendant Wright National Flood Insurance Company's ("Wright") "Motion to Dismiss as Time-Barred and to Dismiss Extracontractual Claims and Claims for Interest."[1] This litigation involves a Standard Flood Insurance Policy ("SFIP") issued by Wright, a Write-Your-Own ("WYO") Program insurance carrier participating in the United States Government's National Flood Insurance Program ("NFIP").[2] Plaintiffs Patrick Verret and Anita Verret (collectively, "Plaintiffs") brought this action alleging that Wright failed to pay Plaintiffs' claims for damages to their home caused by Hurricane Ida.[3] Wright now seeks to have the claims against it dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that: (1) the claims are time-barred under 42 U.S.C. § 4072 and the SFIP; (2) the state-law claims are preempted and barred by federal statutory, regulatory, and common law; and (3) the request for interest is barred by the "no interest rule."[4]

---

[1] Rec. Doc. 13.

[2] *Id.* at 1.

[3] Rec. Doc. 1.

[4] Rec. Doc. 13 at 1–5.

The motion was filed on July 28, 2023, and it was set for submission on August 23, 2023.[5] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date. Accordingly, an opposition to the pending motion was due no later than August 15, 2023. Plaintiffs have filed no opposition to the motion, and therefore the motion is deemed to be unopposed. This Court has authority to grant a motion as unopposed, although it is not required to do so.[6] Considering the motion, the record, and the applicable law, this Court finds that Plaintiff's claims against Wright are time-barred and the state-law claims are preempted by federal law. As such, Plaintiff's claims against Wright must be dismissed.

## I. Background

On June 5, 2023, Plaintiffs filed a Petition for Damages in the 40th Judicial District Court for the Parish of Saint John the Baptist[7] against Safeco Insurance Company of America ("SafeCo") and Wright National Flood Insurance Company (collectively, "Defendants"). Plaintiffs asserted that SafeCo issued a homeowner's insurance policy to them which was in effect on August 29, 2021, the date Hurricane Ida caused damage to their home.[8] Plaintiffs further asserted that Wright issued a flood policy to them which was in effect on August 29, 2021.[9] Plaintiffs contend that after submitting documentation of their property damage, SafeCo and/or Wright failed to pay adequate amounts pursuant to the policies' terms.[10] Plaintiffs allege that SafeCo and/or Wright breached their duties of good faith and fair dealing under Louisiana Revised Statutes §§ 22:1973,

---

[5] *Id.*

[6] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[7] Rec. Doc. 1-2.

[8] *Id.* at 1.

[9] *Id.*

[10] *Id.* at 4.

22:1892(A)(1) and (B)(1).[11] Plaintiffs aver that they have sustained past, present, and future mental anguish; past, present, and future pain and suffering; loss of enjoyment of life; and ongoing damage to their property.[12]

On June 30, 2023, Defendants filed a Joint Notice of Removal in this Court.[13] On July 7, 2023, SafeCo filed an answer to the Notice of Removal.[14] On July 28, 2023, Wright filed the instant Motion to Dismiss.[15] Plaintiffs have not filed any opposition to the motion.

## II. Wright's Argument in Support of Motion to Dismiss

Wright argues that Plaintiffs' claims against it should be dismissed because: (1) the claims are time-barred by 42 U.S.C. § 4072 and the SFIP; (2) the state-law claims are preempted and barred by federal statutory, regulatory, and common law; and (3) the interest claim is barred by the "no interest rule."[16]

First, Wright argues that the claims against it are barred by the one-year limitations period provided for in 42 U.S.C. § 4072.[17] Wright also argues that the claims against it are time barred by the SFIP which reads, "you must start the suit within *one year of the date of the written denial* of all or part of the claim…"[18] Wright asserts that it issued a Denial of Claim letter to Plaintiffs on

---

[11] *Id.*

[12] *Id.* at 5.

[13] Rec. Doc. 1.

[14] Rec. Doc. 8.

[15] Rec. Doc. 13.

[16] Rec. Doc. 13 at 1–5.

[17] Rec. Doc. 13-1 at 8.

[18] *Id.* (quoting Rec. Doc. 13-3 at 22 (emphasis added)).

October 29, 2021.[19] Plaintiffs filed this action in state court on June 5, 2023, and the action was removed to this Court on June 30, 2023.[20] Both of these events occurred one year after the issuance of the Denial of Claim letter.[21] As such, Wright contend that the claims against it are time-barred by both 42 U.S.C. § 4072 and the SFIP, and thus is subject to dismissal.[22]

Next, Wright asserts that Plaintiffs' claims for penalties pursuant to Louisiana Revised Statutes §§ 22:1973, 22:1892(A)(1) and 22:1892(B)(1); damages for past, present, and future mental anguish; past, present, and future pain and suffering, loss of enjoyment of life; and ongoing damage to the property should all be dismissed since federal law controls breach of contract actions involving SFIPs.[23] Wright also avers that Plaintiffs' recovery under the SFIP is limited to the cost to repair or replace property damaged by "direct physical loss by or from flood," debris removal, loss avoidance measures, and Increased Cost of Compliance.[24] As such, Wright contends that there is no basis for recovery for damages for past, present, and future mental anguish; past, present, and future pain and suffering; loss of enjoyment of life; and ongoing damage to property in cases involving a dispute under the SFIP.[25] Wright further argues that all state law claims are preempted by the National Flood Insurance Act ("NFIA"), and no provision within the NFIA allows for damages for past, present, and future mental anguish; past, present, and further pain and suffering;

---

[19] *Id.* at 9 (citing Rec. 13-4).

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.* at 12.

[24] *Id*. at 13.

[25] *Id.*

loss of enjoyment of life; and ongoing damage to the property against a WYO carrier.[26] Thus, Wright asserts that Plaintiffs' state law causes of action and state law claims for damages are preempted and barred by federal law and should be dismissed.

Lastly, Wright contends that Plaintiffs' claim for interest should be dismissed under the "no-interest" rule set out in *Newton v. Capital Assur. Co.*[27] Wright asserts that the *Newton* court reasoned that any prejudgment interest awards against WYO Program carriers are direct charges on the public treasury, which is forbidden by the "no-interest" rule.[28] As such, Wright argues that Plaintiffs' claim for interest is barred and should be dismissed.[29]

### III. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted."[30] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[31] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[32] "Factual allegations must be enough to raise a right to relief above the speculative level."[33] A claim is facially plausible when the plaintiff has pleaded facts that allow

---

[26] *Id.* at 14.

[27] *Id.* (citing 245 F.3d 1306, 1312 (11th Cir. 2001)).

[28] *Id.* at 15.

[29] *Id.*

[30] Fed. R. Civ. P. 12(b)(6).

[31] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[32] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[33] *Twombly*, 550 U.S. at 555.

the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[34]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[35] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[36] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[37] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[38] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[39] That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."[40] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[41] If factual allegations are insufficient to raise a right to relief above the

---

[34] *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556).

[35] *Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[36] *Iqbal*, 556 U.S. at 678–79.

[37] *Id.* at 679.

[38] *Id.* at 678.

[39] *Id.*

[40] *Id.*

[41] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[42]

When considering a Rule 12(b)(6) motion, a district court may take into account "'documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.'"[43]

## IV. Analysis

### A. *Whether Plaintiffs' Claims Against Wright are Time-Barred*

First, Wright argues that Plaintiffs' claims against it are time barred under 42 U.S.C. § 4072, which states:

> [U]pon the disallowance by the Administrator of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, *within one year after the date of mailing notice of disallowance* or partial disallowance by the Administrator, may institute an action against the Administrator…[44]

Wright further asserts that the limitation period is stated in the SFIP:

> **R. SUIT AGAINST US**
> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, *you must start the suit within one year of the date of the written denial of all or part of the claim*, and you must file suit in the United States District Court of the district in which the insured property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.[45]

---

[42] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Hum. Serv. Dist.*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[43] *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (quoting *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013)).

[44] 42 U.S.C. § 4072 (emphasis added).

[45] Rec. Doc. 13-3 at 20.

All SFIP claims are subject to a statute of limitations.[46] An individual suing to recover money under an SFIP must initiate the lawsuit "within one year after the date of the written denial of all or part of the claim."[47] The limitations provision applies to any claim brought under the policy and to any dispute arising from the handling of such claim.[48]

Wright's denial of Plaintiffs' claim is referenced in the Petition, and it is integral to Plaintiffs' claims against Wright.[49] Therefore, the Court may consider the Denial of Claim letter in ruling on the instant Rule 12(b)(6) motion. The Denial of Claim letter is dated October 29, 2021.[50] Wright transmitted the Denial of Claim letter to Plaintiffs on October 29, 2021 via electronic mail.[51] Plaintiffs brought this action in state court on June 5, 2023,[52] more than one year after the date of the written denial and the date of mailing. Plaintiffs have not responded to the instant motion or put forth any argument why the claims against Wright are not time-barred. As such, Plaintiffs' claims against Wright are time-barred and must be dismissed.

**B.    *Plaintiffs' State Law Claims Against Wright***

Next, Wright argues that Plaintiffs' claims for penalties for bad faith insurance adjusting; damages for past, present, and future mental anguish; past, present, and future pain and suffering,

---

[46] 42 U.S.C. § 4072; *Cohen v. Allstate Ins. Co.,* 924 F.3d 776, 782 (5th Cir. 2019).

[47] 44 C.F.R. pt. 61, app. A(1), art. VII(R) ("article VII(R)").

[48] *Id.*

[49] *Stiel*, 816 F. App'x at 892.

[50] Rec. Doc. 13-4 at 2.

[51] *Id.* at 1.

[52] Rec. Doc. 1-2 at 3.

loss of enjoyment of life; and ongoing damage to the property should all be dismissed since federal law controls breach of contract actions involving SFIPs.[53]

National Flood Insurance policies, claims under those policies, and disputes relating to the handling of claims under those policies, are highly regulated and subject exclusively to federal law.[54] In *Wright v. Allstate Insurance Company*, the Fifth Circuit held that "state law tort claims arising from claims handling by a WYO are preempted by federal law."[55] In *Gallup v. Omaha Property and Casualty Insurance Company*, the Fifth Circuit further clarified that the NFIA authorized FEMA to promulgate regulation to preempt state law claims made against WYO insurance providers under the NFIP.[56] Therefore, Louisiana state law claims for bad faith insurance adjusting brought against a WYO insurance provider are preempted by the NFIA and related regulations.[57] Plaintiffs have not responded to this argument or set forth any argument as to why their state law claims against Wright should not be preempted. Considering this binding precedent, Plaintiffs' state law claims against Wright, a WYO insurance provider, are preempted by federal law.

### V. Conclusion

Considering the foregoing reasons, this Court finds that Plaintiffs' claims against Wright are time-barred and preempted by federal law. As such, Plaintiffs have failed to state a claim against Wright upon which relief can be granted.

---

[53] *Id.* at 12.

[54] 44 C.J.S. Insurance § 59.

[55] *Wright v. Allstate Ins. Co.*, 500 F.3d 390, 398 (5th Cir. 2007).

[56] *Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 345 (5th Cir. 2005).

[57] *Id.*

Accordingly,

**IT IS HEREBY ORDERED** that Wright's Motion to Dismiss for Failure to State a Claim[58] is **GRANTED.** Plaintiffs Patrick Verret and Anita Verret's claims against Defendant Wright National Flood Insurance Company are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this <u>30th</u> day of August, 2023.

 

 

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[58] Rec. Doc. 13.